Terry Wayne McLESTER, Petitioner,

v.

Joe S. HOPPER, Comm'r of the Ala. Dep't of Corrections, et al., Defendants.

No. CIV.A.98–D–1215S.

United States District Court, M.D. Alabama, Southern Division.

June 25, 1999.

---

Terry Wayne McLester, Pro Se.

Andy S. Poole, Attorney General's Office, Montgomery, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Petitioner's Motion For Reconsideration, filed on June 16, 1999, wherein Petitioner moves the court to "reverse its decision of June 11, 1999 and grant [Petitioner's] Petition For Writ of Habeas Corpus as to the 1979 burglary convictions; or, in the alternative, grant unto him an evidentiary hearing thereon." (Mot. at 1.) After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Petitioner's Motion For Reconsideration is due to be denied.

The relevant procedural history is as follows. Petitioner was convicted of several burglary charges, which convictions became final in 1979. Petitioner filed a Petition For Writ Of Habeas Corpus ("Petition") in this court on August 17, 1998. Magistrate Judge Charles S. Coody filed a Recommendation Of The Magistrate Judge ("Recommendation") on February 5, 1999, wherein the Magistrate determined, inter alia, that the Petition as to the 1979 burglary convictions is due to be dismissed as time-barred because the one-year limitation period prescribed in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") ran prior to Petitioner's filing of his Petition. Petitioner filed his Objections Of Petition[er] McLester To The Recommendation Of The Magistrate Judge ("Objections") on June 11, 1999. On June 11, 1999, the court overruled Petitioner's objections, adopted the Recommendation, and denied Petitioner's Petition.

In his Motion For Reconsideration, Petitioner argues that "the time parameters set forth in the AEDPA should be equitably tolled in the instant case, in order to avoid a manifest miscarriage of justice and an egregious violation of McLester's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution." (Mot. at 1.) Although the court agrees with the outcome of the Magistrate Judge's Recommendation, the court finds it necessary to write on this issue as the Magistrate did not address Petitioner's equitable tolling argument in said Recommendation. As discussed below, the court finds that equitable tolling does not apply under the facts of this action.

First, the court notes that the Magistrate correctly set out the AEDPA's statute of limitations. (*See* Recommendation at 4–5.) Generally, the AEDPA provides a limitation period of one-year subsequent to conviction in which to file a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1)(A). However, "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners... whose convictions became final long prior to the effective date of the AEDPA... 'would be unfair, and impermissibly retroactive....' " *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir.1998) (citations omitted). In light of this consideration, the Eleventh Circuit has construed the AEDPA to provide that such prisoners have one year

from the AEDPA's effective date, that is, until April 23, 1997, to file a habeas petition. *Id.* The court finds that this applies to Petitioner because his convictions became final in 1979, long before the AEDPA's effective date of April 24, 1996.

Second, the court addresses Petitioner's equitable tolling argument. Although Petitioner did not file his Petition until August 17, 1998, more than two years after April 24, 1996, Petitioner contends that his Petition is not time-barred because the AEDPA limitations period is subject to the doctrine of equitable tolling, and that the circumstances of his case warrant such tolling. (Mot. at 1–2.) As discussed below, the court finds that, although the AEDPA limitation period may be subject to the doctrine of equitable tolling, equitable tolling is not appropriate under the circumstances of this action.

■ Whether the AEDPA limitation period is subject to the doctrine of equitable tolling is an issue of first impression in the Eleventh Circuit. Other circuits to consider this issue, however, have found that equitable tolling does so apply. *See, e.g., Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); *Miller v. Marr,* 141 F.3d 976 (10th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998) (*"Marr"*); *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616 (3d Cir.1998) (*"Miller"*); *Calderon v. United States Dist. Court for the Cent. Dist. of Cal.,* 128 F.3d 1283 (9th Cir.1997), *overruled on other grounds,* 163 F.3d 530 (9th Cir.1998). These courts have reasoned that the AEDPA's one-year limitation period "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis,* 158 F.3d at 810; *see also Marr,* 141 F.3d at 978; *Miller,* 145 F.3d at 618; *Calderon,* 128 F.3d at 1288. This court is so persuaded and finds that the AEDPA's one-year limitation period is subject to the doctrine of equitable tolling.

■ In the Eleventh Circuit, equitable tolling is applicable "only upon finding

an inequitable event [that] prevented plaintiff's timely action." *Justice v. United States,* 6 F.3d 1474, 1479 (11th Cir.1993) (citation omitted). The Eleventh Circuit has summarized the doctrine as follows:

> The interests of justice are most often aligned with the plaintiff when the defendant misleads her [or him] into allowing the statutory period to lapse (citations omitted); when she [or he] has no reasonable way of discovering the wrong perpetrated against her [or him] (citations omitted); or when she [or he] timely files a technically defective pleading and in all other respects acts with "'the proper diligence...which...statues of limitation were intended to insure.'" (citations omitted). The interests of justice side with the defendant when the plaintiff does not file her [or his] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running (citations omitted); and, of course, when she fails to act with due diligence (citations omitted). It bears emphasizing, however, that due diligence on the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling. The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly. (citations omitted). Though his dereliction be only incidental, a generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations. "Principles of equitable tolling...do not extend to what is at best a garden variety claim of excusable neglect." (citations omitted).

*Id.* at 1479–80. Applying these principles to the present case, the court finds that equitable tolling does not apply because Petitioner provides no grounds for applying the doctrine.

Petitioner claims that he "has made a credible showing that his present petition is not due to be dismissed as untimely, as evidenced by the averments contained in

McLester's original petition and the matters stated herein." (Objections at 6.) The court has examined both the Objections and the Petition and has found no averments supporting application of the equitable tolling doctrine. Indeed, Petitioner demonstrates neither that an inequitable event occurred nor that he exercised due diligence; rather, Petitioner fails to provide any explanation at all for why his Petition was not filed on or before April 23, 1997.

The only possible grounds for equitable tolling that the court is able to discern in Petitioner's papers is an allegation of ineffective assistance of counsel. The instances Petitioner cites in support of this claim refer to counsel's alleged "dearth of representation" at the time of Petitioner's burglary convictions, which became final in 1979 (Objections at 7; *see also* Pet. at 7, 9), and counsel's alleged "inexcusable neglect in failing to file a timely notice of appeal" (Objections at 8; *see also* Pet. at 7, 9). Petitioner provides no instance of ineffective assistance of counsel concerning the filing of his Petition.[1]

Further, Petitioner fails to demonstrate that he exercised due diligence. The court notes that Petitioner filed a series of petitions prior to filing the Petition at issue here. Specifically, Petitioner filed a state court Petition For Writ Of Habeas Corpus in 1984, which petition was denied. Then Petitioner filed a Petition For Writ Of Habeas Corpus in this court on December 6, 1984, which petition was denied. Subse-

quently, Petitioner filed a second Petition For Writ Of Habeas Corpus in this court in 1991. When said petition was denied, Petitioner appealed, and the appellate court affirmed the lower court. Petitioner then filed a Petition For Rehearing And Suggestion Of Rehearing En Banc, which was denied on August 9, 1993. Subsequent to this activity, Petitioner filed nothing until his Petition in 1998, and he provides no explanation for why the Petition was not filed sooner.[2] The court finds this to evidence a lack of due diligence. *See, e.g., Turner v. Johnson,* 177 F.3d 390, 391–92 (5th Cir.1999) (holding that, although equitable tolling can in certain circumstances apply to toll the AEDPA limitation period, it did not apply where petitioner "does not indicate why he waited until March 1998 to pursue federal habeas corpus relief"); *Justice,* 6 F.3d at 1480 (holding that petitioner was not entitled to equitable relief because he failed to exercise due diligence); *Bilodeau v. Angelone,* 39 F.Supp.2d 652, 659 (E.D.Va.1999) (declining to enlarge time for filing habeas petition where petitioner "has done nothing to explain to this Court's satisfaction his reason for such an inordinate delay").

With no explanation to the contrary provided by Petitioner, the court can only assume that Petitioner's tardiness in filing his Petition resulted from mere neglect or lack of diligence. As stated by the Eleventh Circuit, "[p]rinciples of equitable tolling . . . do not extend to what is at best a

---

1. The court notes that, even if Petitioner had claimed that ineffective assistance of counsel rendered his Petition untimely, such claim likely would fail to provide grounds for equitable tolling. *See Lee v. United States Postal Serv.,* 774 F.2d 1067, 1069 n. 3 (11th Cir. 1985) (stating that ineffective assistance of counsel likely would not be grounds for equitable tolling); *cf. Chappell v. Emco Mach. Works Co.,* 601 F.2d 1295, 1303 (5th Cir.1979) (declining to extend tolling principle to EEOC misrepresentation at issue, stating in support of this holding that, "[i]f we were to find that Chappell's reliance on Whitley tolled the time period, there would be no logical reason for denying tolling to a person who has relied on a lawyer. . . . A holding of this breadth would

seriously undermine the policy of repose inherent in the timely filing period. . . .") (Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)).

2. The court notes that Petitioner explored the possibility of filing a Rule 32 Petition For Post-Conviction Relief From Conviction Or Sentence, but it does not appear that such petition was ever filed. Further, Petitioner makes no claim that any activity concerning the Rule 32 Petition impeded the timely filing of the present Petition.

**1312**

garden variety claim of excusable neglect." *Justice*, 6 F.3d at 1480 (citation omitted). Additionally and in anticipation of another argument, the court notes that "[i]gnorance of the law usually is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir.1997); *see also Turner*, 177 F.3d 390, 391–92 (holding that AEDPA's limitation period not equitably tolled because "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." (citation omitted)).

Because Petitioner has failed to demonstrate that the timely filing of his Petition was impeded inequitably, and because Petitioner has failed to demonstrate that he exercised due diligence, the court finds that Petitioner's Motion For Reconsideration is due to be denied. *See Marr*, 141 F.3d at 978 (holding that AEDPA's limitation period not equitably tolled where petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"); *cf. Calderon*, 128 F.3d at 1289 (affirming lower court's decision to equitably toll AEDPA's limitation period where petitioner demonstrated that "a turn of events over which [petitioner] had no control" constituted "extraordinary circumstances" justifying tolling).

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Petitioner's Motion For Reconsideration be and the same is hereby DENIED.