Steven TALIANI, Petitioner–Appellant,

v.

James CHRANS, Warden,
Respondent–Appellee.

No. 98–4028.

United States Court of Appeals,
Seventh Circuit.

Submitted April 16, 1999.

Decided Aug. 31, 1999.

Steven A. Taliani (submitted), Joliet, IL, Petitioner–Appellant Pro Se.

William L. Browers (submitted), Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before POSNER, Chief Judge, and COFFEY and EVANS, Circuit Judges.

POSNER, Chief Judge.

Taliani, a state prisoner, sought federal habeas corpus. 28 U.S.C. § 2254. The district court denied his petition as untimely, rejecting his argument that the one-year limitations period (28 U.S.C. § 2244(d)(1)), which in his case began to run on April 24, 1996, see *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998) (per curiam); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir.1998), had been equitably tolled. The district court denied Taliani's request for a certificate of appealability, which he renews in this court.

He missed the deadline by a little more than a month and argues that this was due to his lawyer's having miscalculated the limitations period because of inadequate research. The initial question, novel in this circuit, is whether the one-year deadline in section 2244(d)(1) is subject to equitable tolling—the judge-made doctrine, well established in federal common law, that excuses a timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. E.g., *Chapple v. National Starch & Chemical Co.*, 178 F.3d 501, 506 (7th Cir.1999); *Luckett v. Rent–A–Center, Inc.*, 53 F.3d 871, 873

(7th Cir.1995); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990); *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 798 (8th Cir.1998); *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir.1997). For reasons which are fully explained in *Davis v. Johnson*, 158 F.3d 806, 810–12 (5th Cir. 1998), and to which we have nothing to add, the one-year deadline is not jurisdictional and therefore the judge-made doctrine of equitable tolling is available, in principle at least (a vital qualification, however, as we're about to see), as *Davis v. Johnson* holds. See also *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 617–19 (3d Cir.1998). Normally, however, a lawyer's mistake is not a valid basis for equitable tolling, *Gilbert v. Secretary of Health & Human Services*, 51 F.3d 254, 257 (Fed.Cir.1995), and nothing in the present case justifies relaxing this rule; forcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir.1994); *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1523 (11th Cir.1983).

What is of more general importance, section 2244(d)(1) already contains an equitable-tolling provision, subsection (D), which postpones the running of the one-year limitation for the filing of a petition for habeas corpus to "the [earliest] date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Given this and other express tolling provisions (28 U.S.C. §§ 2244(d)(1)(B), (C), (2)), it is unclear what room remains for importing the judge-made doctrine of equitable tolling, though both *Davis v. Johnson, supra*, 158 F.3d at 811–12, and *Fisher v. Johnson*, 174 F.3d 710, 715 and n. 14 (5th Cir.1999), assume there is some, while *Libby v. Magnusson*, 177 F.3d 43, 48 n. 2 (1st Cir.1999), leaves the issue open. We need not pursue it here, as under no tenable view of the doctrine did the lawyer's mis-

take toll the one-year deadline. The certificate of appealability is therefore

Denied.