**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DON ELLIS,

        Petitioner - Appellant,

    v.

TOM C. MARTIN, Warden, and
DREW EDMONDSON,

        Respondents - Appellees.

No. 98-6450

(W.D. Oklahoma)

(D.C. No. CV-98-625-L)

**ORDER AND JUDGMENT**   *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael Don Ellis applies for a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time barred under the one-year statute of limitations provided in 28 U.S.C. § 2244(d). On appeal, Ellis argues that the district court should have equitably tolled the one-year statute of limitations, and alternatively, that the statute of limitations for federal habeas petitions (1) violates the Suspension Clause of the United States Constitution, (2) denies him substantive due process, and (3) denies him the rights provided under the Oklahoma Post Conviction Relief Act. We deny a certificate of appealability, and dismiss the appeal.

**BACKGROUND**

In 1986, Ellis was convicted of first-degree murder in Oklahoma state court and sentenced to life imprisonment. On June 29, 1990, the Oklahoma Court of Criminal Appeals affirmed both his conviction and sentence. Nearly seven years later, on April 23, 1997, Ellis sought post-conviction relief in the District Court of Oklahoma County, which denied his request on May 5, 1997. Ellis elected not to appeal the denial, later stating that "the outcome was obvious." Petitioner's Amd. Brief to Dist. Ct. at 2. On May 5, 1998, one year after his state post-conviction request was denied, Ellis filed this federal habeas petition.

**DISCUSSION**

On April 24, 1996, Congress amended what had been "the long-standing prior practice in habeas corpus litigation that gave a [state] prisoner virtually unlimited amounts of time to file a habeas petition in federal court" by passing the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). The AEDPA established a one-year limitations period in which prisoners must file their federal habeas petitions. See 28 U.S.C. § 2244(d)(1).

By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to the AEDPA's effective date, April 24, 1996, we have determined that the limitations period commences on April 24, 1996, and expires one year later. See Hoggro, 150 F.3d at 1225-26. Under the AEDPA, the one-year limitations period is tolled while the defendant pursues state post-conviction relief, see 28 U.S.C. § 2244(d)(2), and we have held that the one-year limitations period "may be subject to equitable tolling" as well. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998).

A review of the record in this case demonstrates that Ellis's federal habeas petition was untimely. Because Ellis's conviction became final prior to the effective date of the AEDPA, his one-year period of limitations for filing a federal habeas petition began running on April 24, 1996. On the final day of the limitations period, April 23, 1997, Ellis filed an application for state post-conviction relief, tolling the limitations period for the twelve days while his application was pending in state court. When his application for post-conviction relief was denied on May 5, the limitations period briefly resumed running until it expired the following day, May 6, 1997. Ellis's federal habeas petition, filed one year later on May 5, 1998, was thus untimely.

## A.

Ellis argues that the statute of limitations should be equitably tolled to allow him to proceed on the merits of his habeas petition. [1] We held in Miller v. Marr that the one-year statute of limitations "may be subject to equitable tolling" when the inmate has diligently pursued his claim. See Miller v. Marr, 141 F.3d at 978; see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's one-year limitation period will be equitably tolled only "in rare and exceptional

---

[1]Ellis appears to make this argument in his Pro Se Motion to Supplement the Record. Because we construe pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we address his contention.

circumstances"), cert. denied , 119 S. Ct. 1474 (1999); Miller v. New Jersey State Dept. of Corrections , 145 F.3d 616, 618-19 (3d Cir. 1998) (equitable tolling applies only where prisoner has diligently pursued claims and has in some "extraordinary way" been prevented from asserting his rights). After his direct appeal failed in 1990, Ellis waited nearly seven years until the last day of the limitations period under the AEDPA before filing his state court request for post-conviction relief. After that request was denied, he waited an additional year before filing his federal habeas petition.

Ellis argued below (and appears to argue here) that the delay in filing his petition was attributable to his reliance on his attorney's good faith miscalculation of the statute of limitations. To the extent this may be construed as a claim of ineffective assistance of counsel it fails since there is no constitutional right to counsel in collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Further, neither Ellis's misunderstanding nor his attorney's mistake excuses the delay. See Miller v. Marr , 141 F.3d at 978 (petitioner's lack of awareness of limitation period insufficient basis for equitable tolling); Taliani v. Chrans , 189 F.3d 597 (7th Cir. 1999) (lawyer's mistake in calculating habeas limitations period not a valid basis for equitable tolling). In short, it was not the one-year limitation period that prevented Ellis from obtaining federal review of

the legality of his conviction, but rather his own lack of diligence. Thus, the district court properly refused to equitably toll the statute of limitations.

**B.**

Ellis also contends that the AEDPA's imposition of a one-year limitations period for filing a petition for a writ of habeas corpus is unconstitutional either because the limitations period violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, or is a violation of substantive due process. We reject these arguments. The AEDPA, including its limitations period, is constitutional. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996); Miller v. Marr, 141 F.3d at 978. In particular, the limitations period (which is not jurisdictional but is subject to equitable tolling) does not prohibit habeas petitions but simply requires that they be filed within a reasonable time. The one-year limitations period has the rational purpose of encouraging the timely and efficient disposition of habeas claims. Thus, Ellis's constitutional claims fail.

Ellis also contends that the limitations period in the AEDPA interferes with the Oklahoma Post Conviction Relief Act. Specifically, he argues that the Oklahoma law has no limitations period and that federal law now, as a practical matter, imposes one. To the extent this argument is directed to the adequacy of state law, it is inappropriate for federal habeas review. See Estelle v. McGuire,

502 U.S. 62, 67 (1991). To the extent it may be interpreted as a constitutional argument, we have disposed of that contention above.

## CONCLUSION

For the reasons stated, we conclude that the district court did not err in applying the one-year time limitation to bar Ellis's petition. Accordingly, because Ellis has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his application for a certificate of appealability and DISMISS the appeal. Ellis's pro se motion to supplement the record is GRANTED in part; his pro se requests for an evidentiary hearing and for court-appointed new counsel are DENIED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge