**UNITED STATES of America, Plaintiff–Respondent,**

v.

**Robert Eugene COOK, Defendant–Petitioner.**

No. 95–CR–168.

No. 99–CV–623.

United States District Court, E.D. Wisconsin.

July 6, 2000.

Mel S. Johnson, Mario F. Gonzales, Assistant United States Attorneys, United States Department of Justice, Office of the U.S. Attorney, Milwaukee, WI, for plaintiff.

Robert E. Cook, Tucson, AZ, pro se.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on the motion of Robert Cook ("Cook") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the following reasons, Cook's motion is denied.

## I. BACKGROUND

Cook is a prisoner in federal custody. On January 12, 1996, following a jury trial before this Court, Cook was convicted of bank larceny, money laundering and solicitation to commit murder. These charges stemmed from Cook's hijacking of an armored car, his laundering of the proceeds of that hijacking in an offshore bank account, and his attempt to recruit a paid FBI informant in a planned campaign of violence against the abortion industry. Cook was sentenced by this Court to 176 months in prison. On appeal, Cook challenged the Court's refusal to instruct the jury that the testimony of the FBI informant was untrustworthy, as well as the Court's decision to depart upward from the offense level prescribed by the Sentencing Guidelines. The Court of Appeals rejected Cook's appeal on December 5, 1996. *United States v. Cook*, 102 F.3d 249 (7th Cir.1996). Nearly two and a half years later, on June 4, 1999, Cook filed the instant motion under Section 2255, seeking relief on the basis of ineffective assistance of trial counsel. Cook's motion alleges that his trial counsel failed him in numerous ways, including by not investigating the possibility of an insanity defense.

## II. ANALYSIS

■ Cook failed to raise the issue of his counsel's effectiveness, or lack thereof, in his direct appeal. Ordinarily, this would bar consideration of the issue in a collateral attack, except that the same attorney who represented Cook at trial also represented him on appeal. Under such circumstances, the rule of procedural default

is relaxed and a petitioner may challenge the effectiveness of his trial counsel for the first time by way of a Section 2255 motion. *See United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.), *cert. denied, sub nom. McDonnell v. United States,* 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991). However, another procedural bar stands between Cook and the relief he seeks, namely, the one-year period of limitations that applies to actions brought under Section 2255.

As noted, Cook's motion comes more than two years after his judgment of conviction became final. It is therefore *well* beyond the one-year period of limitations on Section 2255 petitions which Congress enacted, as part of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to "accelerate the federal habeas process." *Whalem/Hunt v. Early,* 204 F.3d 907, 910 (9th Cir.2000) (quotation omitted). Cook argues, nonetheless, that the period of limitations in his case should run from June 15, 1998, which is approximately the date Cook first learned from another inmate, David Nichols, that post-conviction relief under Section 2255 might be available to him. Cook's Section 2255 Motion & Memorandum ("Cook's Motion"), p. 13. As grounds for his failure to bring a timely claim under Section 2255, Cook relies upon the following:

> (1) his many transfers from prison to prison, (2) his early maladjustment which kept him in segregated confinement, (3) his lack of legal knowledge, and (4) the fact that after losing his appeal ... [he] ask[ed] his attorney if there was any other likely recourse, and [was] told there was none....

*Id.,* p. 10. Cook also complains about the adequacy of the law libraries in the various prisons in which he has been incarcerated. *Id.* Finally, it appears that Cook's jailhouse lawyer, Mr. Nichols, "did not give [Cook's] case priority as [he] was busy helping others with their various legal filings, as well as some litigation on [his] own behalf." Affidavit of David A. Nichols ("Nichols Aff.").

■ Of the various justifications offered by Cook for his failure to file a timely petition under 2255, the only one that gives the Court the slightest pause is the alleged failure of Cook's attorney to advise him concerning the availability of post-conviction relief. However, as discussed below, the law of this Circuit does not recognize bad advice from an attorney as an appropriate basis for tolling a federal habeas claim. Cook invokes an express tolling provision found in Section 2255, which allows the period of limitations to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4). Relying solely upon a dictionary definition of "due diligence," Cook argues that he "applied due diligence to the extent possible for him under the 'particular circumstances' of his 'special case.'" Cook's Motion, p. 12. While the reported case law is surprisingly unilluminating on the question of what constitutes "due diligence" in this particular context, there is precedent addressing the scope of "equitable tolling" in habeas cases. The judge-made doctrine of equitable tolling is similar to the express tolling provision relied upon by Cook in that it "excuses [the requirement of] a timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans,* 189 F.3d 597 (7th Cir. 1999). The Court therefore analyzes Cook's claim in light of the doctrine of equitable tolling.

In the habeas context, equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998), *cert. denied,* 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); *see also Calderon v. United States District Court,* 112 F.3d 386, 391 (9th Cir. 1997) (equitable tolling should only be allowed when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a timely motion). "[N]either a plaintiff's unfamiliarity with the legal pro-

cess nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999). Likewise, the Seventh Circuit has held that a "lawyer's mistake is not a valid basis for equitable tolling." *Taliani,* 189 F.3d at 598. In *Taliani,* a state prisoner sought habeas relief under 28 U.S.C. § 2254 but missed the deadline for filing his petition "by a little more than a month," allegedly as a consequence of his lawyer's miscalculation of the applicable one-year limitations period. *Id.* at 597. Confronted with these facts, the Seventh Circuit held that "under no tenable view of the doctrine did the lawyer's mistake toll the one-year deadline." *Id.* at 598; *see also Posada v. Schomig,* 64 F.Supp.2d 790, 796 (C.D.Ill.1999) (neither petitioner's *pro se* status, nor fact that appellate counsel misled him concerning limitations period in state habeas proceeding warranted equitable tolling of petitioner's federal habeas claims); *McLester · v. Hopper,* 67 F.Supp.2d 1308, 1311 n. 1 (M.D.Ala.1999) (expressing skepticism that claim of ineffective assistance could provide grounds for equitable tolling).

In light of the foregoing authorities, this Court concludes that equitable tolling cannot rescue Cook's claims from the one-year period of limitations set forth in Section 2255. The express tolling provision relied upon by Cook is not broader than the equitable doctrine. Thus, Cook's claims are time-barred. This conclusion is consistent with the congressional intent behind enactment of the one-year period of limitations. If Cook were excused from filing a timely Section 2255 petition on the basis of allegedly poor advice from his appellate counsel, the one year limitation would become a dead letter and the Court would be flooded with stale habeas claims. Such a holding would be contrary to "the clearly established purpose of the ... one year period of limitation ... to 'accelerate the federal habeas process.'" *United States v. Van Poyck,* 980 F.Supp. 1108, 1110

(C.D.Cal.1997) (quoting *Calderon,* 112 F.3d at 391).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Cook's motion is denied and his case is dismissed.