**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHRISTOPHER LADON JACKSON,

Petitioner-Appellant,

v.

DR. STEPHEN W. KAISER;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 99-6441
(D.C. No. 99-CV-1189)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

Petitioner appeals the district court's order dismissing his federal habeas petition as untimely. [1] Following a jury trial, petitioner was found guilty of first degree murder and sentenced to life in prison. He filed a direct appeal to the

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Oklahoma Court of Criminal Appeals, which affirmed his conviction on July 11, 1997. Petitioner did not pursue any further state post-conviction remedies. Instead, he filed the current federal habeas petition on August 12, 1999, raising only issues he had raised to the Oklahoma court on direct appeal.

The State immediately moved to dismiss the petition as untimely, arguing that the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) expired on October 11, 1998. [2] The State contended that petitioner had not filed any application for state post-conviction relief, so there was no basis for tolling the statute of limitations under § 2244(d)(2), and the August 12, 1999 federal habeas petition was untimely. Petitioner did not dispute the State's computation of time, but argued that the court should equitably toll the statute of limitations. The district court rejected petitioner's tolling arguments and dismissed the petition as untimely. Petitioner now appeals, arguing that the statute of limitations should be equitably tolled.

---

[2] The State assumed that the statute of limitations began to run on the day petitioner's judgment of conviction became final, in accordance with 28 U.S.C. § 2244(d)(1)(A), which was after the time for seeking certiorari to the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (noting that for purposes of § 2244(d)(1)(A), "the judgment is not final and the one-year limitation period for filing federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed"), *cert. denied*, 120 S. Ct. 808 (2000).

As an initial matter, we must determine if we have jurisdiction over this appeal. A petitioner seeking to appeal a district court's disposition of his habeas petition must first obtain a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253. By order of April 19, 2000, a single judge of this court granted petitioner a COA on the issue of whether the circumstances of this case warranted equitable tolling of the statute of limitations. Shortly thereafter, the Supreme Court issued its decision in *Slack v. McDaniel*, 120 S. Ct. 1595 (2000), which set forth a two-prong test for determining when to issue a COA in a case in which the district court has denied habeas relief on a procedural ground. The Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 1604. We cannot discern from the order granting COA in this case whether the circuit judge, not having the benefit of the Supreme Court's opinion in *Slack*, considered the validity of petitioner's underlying substantive claims. Therefore, to assure ourselves that our earlier grant of COA was proper, we must consider petitioner's underlying claims. *See Adams v. LeMaster*, ___ F.3d ___, No. 99-2348, 2000 WL 1174646, at *2 (10th Cir. Aug. 18, 2000) (reexamining previous grant of COA by circuit judge in light of *Slack*); *see also*

-3-

Fed. R. App. P. 27(c) ("The court may review the action of a single judge.").
*But cf. LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) (holding that when the *district court* has granted COA, the circuit court must consider the merits of all issues on which COA was granted, even if the grant was erroneous).

Because the district court dismissed petitioner's habeas petition on a procedural ground before he had an opportunity to develop either the factual or legal basis of his underlying claims, our assessment of the merits of those claims is necessarily limited. As other circuits have done in similar situations, we will "simply take a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right.'" *Lambright v. Stewart*, ___ F.3d ___, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937, at *3 (9th Cir. Aug. 4, 2000) (quoting *Jefferson v. Welborn*, ___ F.3d ___, No. 99-2337, 2000 WL 862846, at *3 (7th Cir. June 29, 2000) (alteration in original); *see also Franklin v. Hightower*, 215 F.3d 1196, 1200 (11th Cir. 2000).

Petitioner alleged five claims for relief in his petition, including that the evidence was insufficient to establish that he acted in concert with the man identified as the shooter, and that the jury was not properly instructed about the admission of petitioner's extra-judicial confession. Based upon our review of the petition, we conclude that at least one of the claims asserted by petitioner facially

alleged the denial of a constitutional right.  Therefore, the first prong of the *Slack* test is met.  *See Adams*, 2000 WL 1174646, at *2 (holding that petitioner met first prong of *Slack* test where at least one of his underlying claims arguably stated a valid claim of the denial of a constitutional right).  We take no issue with the circuit judge's previous assessment of the second prong of the *Slack* test, that the district court's procedural ruling is debatable among reasonable jurists.  Therefore, we conclude that a COA was properly granted here on the issue of whether the district court properly determined that equitable tolling was not warranted.

In his response to the State's motion to dismiss, petitioner argued that the statute of limitations ought to be equitably tolled because he was unaware of the statute of limitations.  He contended that his appellate counsel failed to advise him of the statute of limitations and that he had limited access to federal statutes in prison.  The magistrate judge rejected petitioner's arguments, noting that appellate counsel had no constitutional duty to advise petitioner of the statute of limitations; that petitioner's lack of counsel during the period following his direct appeal did not justify tolling the statute of limitations because he had no right to counsel during that time; and that, in any event, petitioner had not pursued his federal claims diligently.  The magistrate judge recommended that the district court dismiss the petition as untimely.

Petitioner filed objections to the magistrate judge's report and recommendation in which he argued that he "did hire an attorney to pursue further appellate relief after his direct appeal to the Oklahoma Court of Criminal Appeals was denied," a fact that he "inadvertently omitted" from his response to the motion to dismiss. Appellant's App. at 41. Petitioner alleged that he hired David M. Dunlap to "pursue further appellate relief," *id.*, for which petitioner paid him $4,000, but that Mr. Dunlap "did not file any post-conviction relief in state court to toll the relevant one-year period nor did he file a habeas petition within the relevant one-year time limitation," *id.* at 43. Based on these limited allegations, petitioner requested that the district court hold an evidentiary hearing to determine whether he had diligently pursued his federal remedies. In support of his allegations, petitioner attached a copy of what appeared to be an installment plan for the payment of $4,000 in attorney fees, signed by A. Long and Mary Jackson as the client, and by Mr. Dunlap as the attorney. The payment plan was not dated, but it reflected that Mr. Dunlap received the initial down payment, totaling $1,250, on October 28, 1998.

In reviewing petitioner's objections to the magistrate judge's report, the district court credited petitioner's evidence that Mr. Dunlap was retained on October 28, 1998 to pursue further state or federal proceedings on petitioner's behalf. The court concluded, however, that "even if an attorney's failure to

comply with his client's request and seek habeas relief within the limitations period could constitute extraordinary circumstances warranting equitable tolling, the petitioner cannot rely on his counsel's inaction to avoid the time restrictions of 28 U.S.C. § 2244(d)." Appellant's App. at 47-48.

On appeal, petitioner urges the same grounds for equitable tolling he raised in the district court. We have held that the statue of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

The record shows that, shortly after his conviction was affirmed on appeal, petitioner received a letter advising him of his options from the Oklahoma Indigent Defense System, which represented him on direct appeal. Among other things, the letter informed petitioner: "Further, you may be able to seek federal habeas corpus relief. See 28 U.S.C., §§2241-54." Appellant's App. at 31. Petitioner acknowledges that counsel's letter directed him to the appropriate federal statutes, but contends that the letter was inadequate because it did not specifically inform him about the statute of limitations. While it may be good practice for the Oklahoma Indigent Defense System to advise its clients about the

existence of the statute of limitations in § 2244(d), petitioner cites no authority, and we know of none, that imposes a duty on appellate counsel to do so. Neither counsel's failure to inform petitioner about the statute of limitations [3] nor petitioner's pro se status justified tolling the statute of limitations. *See Miller*, 141 F.3d at 978 (holding that equitable tolling was not warranted where pro se prisoner "simply did not know about the limitation in [§ 2244(d)] until it was too late"). Although petitioner contends that his limited access to federal statutes while incarcerated somehow excuses his failure to timely file a federal habeas petition, he provides no specificity about either the lack of access or how it affected his ability to file a timely petition. *See id.* We note that the claims in his current petition are identical to those he raised in state court on direct appeal, "thereby undercutting his argument that lack of access caused his delay." *Id.*

The only possible basis for equitable tolling that remains is petitioner's contention that he retained an attorney to represent him in further state or federal proceedings, and the attorney did nothing. Under other circumstances, such an allegation might give us pause. Here, however, we agree with the district court

---

[3] Indeed, this and other courts have held that even if a prisoner's attorney misleads him about the running of the statute of limitations, the attorney's error does not provide a basis for equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999); *Robinson v. Kaiser*, Nos. 99-5155 & 99-7136, 2000 WL 668126, at **2 (10th Cir. May 23, 2000) (unpublished order and judgment).

that petitioner may not rely on the alleged inaction of his retained counsel as a basis for equitable tolling. The only evidence presented by petitioner shows that Mr. Dunlap was not retained until October 28, 1998, which was more than two weeks after the statute of limitations had expired. Any subsequent inaction on Mr. Dunlap's part could not have contributed to–and therefore could not excuse–petitioner's delay in filing his federal habeas petition.

Petitioner having failed to establish any basis for equitably tolling the statute of limitations, the district court properly dismissed the habeas petition as untimely. Therefore, we AFFIRM the judgment of the United States District Court for the Western District of Oklahoma.

Entered for the Court

Robert H. Henry
Circuit Judge