Bryant E. WILSON Petitioner

v.

Rondle ANDERSON Respondent

No. 2:00CV 0414 AS.

United States District Court, N.D. Indiana, Hammond Division.

July 20, 2001.

Bryant E. Wilson, Michigan City, IN, pro se.

Arthur Thaddeus Perry, Janet Brown Mallett, Stephen R. Creason, Indiana Atty. General, Indianapolis, IN, for Respondent.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On June 18, 2000, *pro se* petitioner, Bryant E. Wilson, an inmate at the Indiana State Prison, filed a petition seeking relief under 28 U.S.C. § 2254. The Attorney General of Indiana on behalf of the respondent, filed a Motion to dismiss the petition as untimely on October 19, 2000, which demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). This Court denied the Motion in an Order dated November 30, 2000, and granted the respondent an additional ninety days to file a Return addressing the merits. The respondent filed a Return to the November 30 Order on February 28, 2001, and the petitioner filed a Traverse on June 1, 2001, which this court has carefully examined. As the issue of the one year limitations period has

surfaced with increased frequency in the last year, the Court finds it necessary to revisit the issue, giving careful consideration to recent decisions from this Circuit applying the limitations period.

## I. RELEVANT STATUTES

For Wilson to obtain federal habeas relief under 28 U.S.C. § 2254, he must first demonstrate that his case satisfies the condition set by § 2254(d), which now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also, Williams v. Taylor,* 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

In addition, 28 U.S.C. § 2244(d)(1) requires that an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court must be filed within one from the latest occurring of four events. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations is tolled for that period during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also, Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 362, 148 L.Ed.2d 213 (2000)(discussing when petitions are "properly filed" for purposes of tolling the one year filing period under the AEDPA).

## II. ANALYSIS

■ The Seventh Circuit Court of Appeals strictly applies the one year limitations period in order to effectuate the purposes of Congress. *See, United States v. Marcello,* 212 F.3d 1005 (2000)(upholding the dismissal of a petition under § 2255 as untimely because it was one day late). The Court noted, "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, [and] statutes of limitation protect important social interests ..." *Id.* at 1010. In another case, the Seventh Circuit, in a *per curiam* decision, noted, "Prior to the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255.

In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations." *Gendron v. U.S.*, 154 F.3d 672 (1998).

This petitioner was convicted on a number of State charges on April 15, 1996. He appealed the convictions, and the Indiana Court of Appeals affirmed on March 4, 1997. Resp.'s Ex. F. The Indiana Supreme Court denied transfer on May 7, 1997. Resp.'s Ex. G. Wilson did not file a petition for certiorari with the Supreme Court of the United States, but the language of the statute requires courts to consider the time that he could have filed a petition, so ninety days is added to the May 7 date, making August 5, 1997 the start of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A).

Wilson signed his petition for federal habeas review on June 18, 2000. Federal Courts use the prison mailbox rule for habeas petitioners, and consider a petition filed when the prisoner gives his petition to prison officials for mailing. *See, Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999)("We join the overwhelming authority that the *Houston* mailbox rule should be extended to prisoners filing *pro se* habeas petitions, and, for statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk"). Therefore, the limitations period was running from August 5, 1997 until June 18, 2000, a total of approximately 1,047 days.

The time period was tolled and the clock stopped running, however, during the time that his "properly filed petition for state post-conviction relief" was pending. Wilson filed his petition for state post-conviction relief on November 17, 1997. It was denied on June 10, 1999 by the Indiana Court of Appeals, and the Indiana Supreme Court denied transfer on August 25, 1999. Resp.'s Mot. to Dismiss at 5; Traverse at 1. Accordingly, the statute was tolled from November 17, 1997 until August 25, 1999, a period of approximately 646 days, leaving a total of 401 days that the statute was running and was not tolled.

## III. CONCLUSION

This petitioner has not alleged that any of the other three provisions in 28 U.S.C. § 2244(d)(1) which could have the effect of starting the limitations period running at a later time, apply to his situation, nor does he argue that the one-year limitations period should be equitably tolled[1] in his case. Therefore this Court has no choice but to find that his petition is time barred because the petitioner failed to file it within the one-year statutory time limit for filing a petition for federal habeas relief. The petition for relief under 28 U.S.C. § 2254 is now **DENIED**.

**IT IS SO ORDERED.**

---

1. The Seventh Circuit, in *Taliani v. Chrans*, 189 F.3d 597 (7th Cir.1999), determined that the one-year limitations period was not jurisdictional, and therefore was subject to equitable tolling, at least in theory. However, Chief Judge Posner, writing for the Court, stated that where the statute contains express tolling provisions, "it is unclear what room remains for importing the judge-made doctrine of equitable tolling." *Id.*