**Tom ROSS, Petitioner**

v.

**Cecil DAVIS, Respondent.**

**No. 3:03CV0773AS.**

United States District Court, N.D. Indiana, South Bend Division.

April 2, 2004.

Tom Ross, Michigan City, IN, pro se.

Stephen R. Creason, Indiana Attorney General, Indianapolis, IN, for Respondent.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

On October 21, 2003, Tom Ross, *pro se* petitioner and an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. § 2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 15, 2003, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The petitioner filed a Traverse on March 17, 2004, which this Court has carefully examined and is in good legal form.

The petitioner is a convicted felon serving a sentence imposed by a state court in Delaware County, Muncie, Indiana for the offense of murder in 1995. He was sentenced to 60 years in prison. A unanimous Supreme Court, speaking through Chief Justice Shepard, affirmed the aforesaid sentence in *Ross v. State*, 676 N.E.2d 339 (Ind.1996). The exact date of the aforesaid opinion by the Supreme Court of Indiana is December 31, 1996.

Thereafter, on or about April 28, 1998, the petitioner returned to the state court and filed for post-conviction relief. After an evidentiary hearing, the state trial court denied the same on or about August 24, 2001. An appeal was lodged from that decision and on October 7, 2002, the Court of Appeals of Indiana in an unpublished memorandum decision affirmed the aforesaid denial of post-conviction relief. The Supreme Court of Indiana denied transfer with regard to the Court of Appeals' denial of post-conviction relief on November 25, 2002.

As indicated, the record shows that this petition was filed on October 21, 2003, and certainly, this petitioner gets the benefits, if any, of *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The position taken by the Attorney General of Indiana in this matter is that this petition is time barred under the Anti–Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), and particularly 28 U.S.C. § 2244(d)(1). Also noted is the tolling provision in 28 U.S.C. § 2244(d)(2). *See also Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Under *Houston,* this petition was prepared and signed by the petitioner on October 14, 2003. This petitioner's conviction was final on March 31, 1997 when the time expired for the seeking of certiorari to the Supreme Court of the United States. *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). The one-year period, therefore, would have ended on March 31, 1998. The question then becomes whether or not the tolling provision in § 2244(d)(2) operates to save this petition. *See Fernandez v. Sternes,* 227 F.3d 977 (7th Cir.2000).

This petitioner accumulated 322 days of delay between the denial of transfer of the state post-conviction review on November 25, 2002, and the preparation of his petition on October 14, 2003. There is thus a total of 716 days of delay between the date the petitioner's conviction was final and the initiation of this petition, which would make the same 351 days late.

In his Traverse, the Petitioner calculated his delay time using a very generous standard under *Houston v. Lack,* but even based on his calculations, the Petition was 6–7 months late. Traverse at p. 17. However, he asks the Court to excuse this delay because of his mental disabilities, claiming that it should be excused under the doctrine of equitable tolling.

The Seventh Circuit addressed the issue of equitable tolling of the one year time period for filing a federal habeas petition in *Taliani v. Chrans,* 189 F.3d 597 (7th Cir.1999). Equitable tolling is a judge-made doctrine that "excuses timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file the claim on time." *Taliani,* 189 F.3d at 597. In that case, Judge Posner, writing for the Court, questioned whether the AEDPA left any room for equitable tolling because it already contains an equitable tolling provision almost identical to the judge-made doctrine.

28 U.S.C. § 2254(d)(1)(D) postpones the running of the one-year limitation for the filing of a petition for habeas corpus to "the [earliest] date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* at 598. Therefore, based on this Court's duty to construe *pro se* petitions liberally, the Court will consider whether the Petitioner's claims meet the standard for equitable tolling found in the AEDPA.

The Petitioner claims that his mental disabilities made it difficult for him to meet the one year deadline. His disabilities are caused by a closed head injury that is documented in the record. He claims that counsel was ineffective in assisting him and caused the first delay of almost one year (or more than one year, depending on how it is counted). He claims that he cannot remember anything unless he writes it down and studies it for a long time. Traverse at 15–16. This makes him more dependant than is usually the case on counsel, and now on other inmates, to understand the law and prepare his habeas petition for filing.

Even assuming that everything the Petitioner says about his mental disability is

774

true, he has not established that he exercised reasonable diligence, and that he could not have discovered all the information he needed in order to be able to file his petition on time. This Court is unwilling to stretch the meaning of the statute to cover this situation, and therefore has no choice but to follow the federal statutory provisions regarding the statute of limitations in the federal case law from the Supreme Court of the United States and this circuit in interpreting the same. When that is done, the petition here is untimely and must be **DENIED.**

**IT IS SO ORDERED.**