United States Court of Appeals,

Eleventh Circuit.

Nos. 94-9098, 94-9158.

Matthew HAMILTON, By and Through Lovelurn HAMILTON, his next friend, Lovelurn Hamilton, Administratrix of the Estate of Kim Orlena Hamilton, Una Hamilton, Plaintiffs-Appellees,

v.

Charles CANNON, in his official capacity as Sheriff of Macon County, Georgia, Ronald Duncan, Macon Co., GA, a political subdivision of the State of Georgia, Michael Tookes, Defendants-Appellants,

The Macon County Sheriff's Department, The Macon County/City of Montezuma, Georgia, Department of Parks and Recreation, The City of Montezuma, Georgia, Police Department, Freddy Mallard, Logan Walton, XYZ Pool Management Company, Lonnie Brown, Defendants,

The City of Montezuma, Lonnie Brown, Defendants-Appellees.

Matthew HAMILTON, By and Through Lovelurn HAMILTON, his next friend, Lovelurn Hamilton, Administratrix of the Estate of Kim Orlena Hamilton, Una Hamilton, Plaintiffs-Appellants,

v.

Charles CANNON, in his official capacity as Sheriff of Macon County, Georgia, Ronald Duncan, Macon Co., GA, a political subdivision of the State of Georgia, City of Montezuma, and Lonnie Brown, Defendants-Appellees,

The Macon County Sheriff's Department, et al., Defendants.

June 5, 1997.

Appeals from the United States District Court for the Middle District of Georgia. (No. 92-CV-276-3-MAC), Duross Fitzpatrick, Chief Judge.

Before TJOFLAT and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

This case arose from the tragic death of Kim Orlena Hamilton at a Montezuma, Georgia municipal swimming pool. The three plaintiffs—Hamilton's mother, Hamilton's minor child, and the Administratrix of Hamilton's estate—brought this action in federal district court alleging constitutional claims under 42 U.S.C. § 1983 and state law negligence claims. The complaint named as defendants Macon County, Georgia; the Macon County Sheriff's Department; Macon County Deputy Sheriff Ronald Duncan (in his individual and official capacities); and Macon County Sheriff

Charles Cannon (in his official capacity only). The complaint also named as defendants the City of Montezuma; Michael Tookes, a lifeguard at the swimming pool (in his individual and official capacities); and Lonnie Brown, the manager of the pool (in his individual and official capacities).[1]

Relying solely on Georgia's "public duty doctrine," the district court granted summary judgment to all of the defendants on the plaintiffs' state law negligence claims. *Hamilton v. Cannon,* 864 F.Supp. 1332, 1338 (M.D.Ga.1994). The court also granted Lonnie Brown summary judgment on the section 1983 claims, in his individual capacity, on the ground of qualified immunity. *Id.* However, the court denied Tookes' and Duncan's motions for summary judgment on the section 1983 claims, in their individual capacities, holding that they were not entitled to qualified immunity. *Id.*

On appeal, we reversed the district court's denial of qualified immunity to defendants Tookes and Duncan on the section 1983 claims. *Hamilton v. Cannon,* 80 F.3d 1525, 1532 (11th Cir.1996). Having substantial doubt about the proper resolution of the state law negligence claims, we certified four questions to the Georgia Supreme Court, including the following:

> (1) Does the "public duty doctrine" established in *City of Rome v. Jordan,* [263 Ga. 26] 426 S.E.2d 861 (Ga.1993), apply outside the police protection context and in the circumstances of this case?

The Georgia Supreme Court has answered that certified question in the negative, making it unnecessary for that court to address any of the remaining three questions. *Hamilton v. Cannon,* --- Ga. ----, 482 S.E.2d 370, 372, (1997). In light of the Georgia Supreme Court's opinion, we VACATE the district court's grant of summary judgment in favor of the defendants on the state law negligence claims. We REMAND the case for further proceedings consistent with Georgia law as illuminated by the Georgia Supreme Court's answer to our certified question, and we note that those proceedings may include consideration of whether any of the defendants are entitled to summary judgment on a basis other than Georgia's public duty doctrine.

---

[1]Additional defendants were also named, but the claims against those defendants have been settled.