United States Court of Appeals,

Eleventh Circuit.

No. 97-4123

Non-Argument Calendar.

Gary Neil GOODMAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Aug. 25, 1998.

Appeal from the United States District Court for the Southern District of Florida. (Nos. 96-8309-CIV-ROETTGER, 88-8076-CR-ROETTGER), Norman C. Roettger, Judge.

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Gary Goodman appeals from the district court's order dismissing as untimely his motion challenging the validity of his sentence pursuant to 28 U.S.C. § 2255. We agree with both parties that the district court erred in dismissing Goodman's motion, filed sixteen days after the effective date of § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year judge "period of limitation" for § 2255 motions, on timeliness grounds.

In August of 1988, Goodman pled guilty to stealing $5,600 from a federally insured bank and was sentenced to twelve years in prison "or until otherwise discharged." Because, at the time of Goodman's sentencing, the district court, sitting *en banc,* had ruled that the Sentencing Guidelines were unconstitutional, *United States v. Bogle,* 689 F.Supp. 1121 (S.D.Fla.1988) (*en banc* ), Goodman was sentenced pursuant to pre-Guidelines law. Goodman did not file a timely appeal.

The Supreme Court subsequently upheld the constitutionality of the Sentencing Guidelines in January of 1989. *United States v. Mistretta,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714

(1989). Soon after the *Mistretta* decision was announced, and four months after his sentencing, Goodman submitted a Rule 35 motion to modify his sentence, arguing that the sentence imposed was substantially greater than the sentence considered appropriate under the Guidelines. A week after filing the Rule 35 motion, Goodman also docketed a pro se notice of appeal pursuant to 18 U.S.C. § 3742, on the ground that his sentence had been illegally imposed. Finally, Goodman filed a motion to correct an illegal sentence in March of 1989. Approximately one year later, in February of 1990, this Court dismissed Goodman's appeal for lack of jurisdiction, and in April of 1990, the district court denied Goodman's Rule 35 motion for modification of sentence.

In 1991, Goodman sought transcripts of the proceedings in his case in order to file a motion pursuant to 28 U.S.C. § 2255, and asked that he be allowed to proceed *in forma pauperis*. The magistrate judge recommended denial of Goodman's motion, and, having received no objections from Goodman, the district court denied his motion to proceed *in forma pauperis*.

Goodman was released from prison in March of 1993 and was given a parole termination date of July 20, 2000. In February of 1996, Goodman was arrested for violating his parole. A magistrate judge appointed the Federal Public Defender's Office to represent Goodman. One month later, Goodman filed a document—entitled a "notice of appearance"—requesting the withdrawal of the Assistant Federal Public Defender who had been appointed on his behalf.

On April 24, 1996, § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 1996 U.S.C.C.A.N. (110 Stat.) 1214, took effect.[1] Section 105

---

[1]Because it did not have an effective date, § 105 went into effect on the date the President signed the AEDPA into law. *See Gozlon-Peretz v. United States,* 498 U.S. 395, 404, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("It is well established that, absent a clear direction by Congress to the contrary, a law takes effect on the date of its enactment.").

amended 28 U.S.C. § 2255, establishing a one-year "period of limitation" for motions filed pursuant to § 2255. The one-year period runs from the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

28 U.S.C. § 2255.

On May 10, 1996, sixteen days after the effective date of § 105 of the AEDPA, Goodman, through counsel, filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, alleging that he should have received a sentence under the Sentencing Guidelines and a term of supervised release instead of parole, and requesting re-sentencing under the Guidelines together with a final supervised release violation hearing. The magistrate judge issued an order stating that Goodman's motion could not be considered unless Goodman first demonstrated that one of the four events specified in revised § 2255 had occurred within the year prior to the date the motion was filed, and requiring Goodman to file a memorandum indicating which, if any, of the specified factors justified consideration of the motion. Goodman responded that the AEDPA's one-year "period of limitation" should not begin to run until April 24, 1996, the effective date of § 105 of the AEDPA, thus permitting the filing of new petitions on previously accrued claims until April 23, 1997, one year after that date.

_____

[2]Similar standards apply to state prisoners who file habeas corpus petitions. *See* 28 U.S.C. § 2244(d).

3

Alternatively, Goodman argued that, at a minimum, he should be allowed a "reasonable time" after the effective date. He attached to his response a brief filed by the United States in a Tenth Circuit case, *United States v. Simmonds,* 111 F.3d 737 (10th Cir.1997).[3]

In a report issued on November 20, 1996, the magistrate judge recommended denial of Goodman's § 2255 motion on timeliness grounds. The magistrate judge reasoned that the motion was untimely under § 105 of the AEDPA, and noted that Congress, where it had so desired, had made other provisions of the AEDPA inapplicable to pending cases. In other words, the magistrate judge found that the one-year "period of limitation" in § 105 of the AEDPA became effective and applicable upon its enactment because the remedy afforded by § 2255 was not a right guaranteed by the Constitution. Because Goodman had not filed his § 2255 motion within a year of one of the four events specified in § 105 of the AEDPA, the magistrate judge recommended dismissal of the motion.

Goodman objected to the recommendation. He acknowledged that he had not filed his § 2255 motion within a year of one of the events specified in § 105, but argued that the one-year "period of limitation" should commence on April 24, 1996, or, alternatively, that he should be allowed a "reasonable time" after that date in which to file a § 2255 motion. Goodman cited cases from other federal courts agreeing with his argument, and noted that the government agreed with his position. The government did not file a memorandum of law.

---

[3]In that case the government had argued that, as a matter of legislative intent and out of due process concerns, the AEDPA's one-year "period of limitation" should begin to run from April 24, 1996, the date of the AEDPA's enactment, in the case of a prisoner whose conviction became final prior to that date.

The district court adopted the magistrate judge's recommendation and dismissed Goodman's motion without prejudice for Goodman to "seek redress by way of [a] petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district where [he] is incarcerated." Goodman appealed, and the district court later issued a certificate of appealability.

We find that the district court erred in dismissing as untimely Goodman's § 2255 motion, which was filed sixteen days after § 105 of the AEDPA took effect.[4] It would be unfair, and impermissibly retroactive, to apply § 2255's one-year "period of limitation" to federal prisoners like Goodman, whose convictions became final prior to the effective date of § 105 of the AEDPA. Such prisoners must be given a reasonable time after the enactment of § 105's one-year "period of limitation" to file their § 2255 motions, and, under these circumstances, a reasonable period is until April 23, 1997—one year from the date of enactment of § 105 of the AEDPA. *See Simmonds,* 111 F.3d at 745-46; *see also Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) ("[N]o collateral attack filed by April 23, 1997, may be dismissed under § 2244(d) [as revised by the AEDPA] and the parallel provision added to 28 U.S.C. § 2255 by § 105 of the [AEDPA]."), *rev'd on other grounds,* --- U.S. ----, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Calderon v. United States District Court for the Central District of California,* 128 F.3d 1283, 1287 (9th Cir.1997) (holding that the one-year period of limitation included in AEDPA amendment to 28 U.S.C. § 2244 "d[oes] not begin to run against any state prisoner prior to the statute's date of enactment"). Because Goodman filed his § 2255 motion well before April 23, 1997, we hold that the motion was timely filed.

REVERSED.

---

[4]Nothing we decide today limits or affects the power of district courts under Rule 9(a) to dismiss petitions for collateral relief on account of unreasonable and prejudicial delay.