**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/29/98
THOMAS K. KAHN
CLERK

_____

No. 97-4681
Non-Argument Calendar
_____

D.C. Docket No. 96-1800-CV-JAL


JESSIE WILCOX,

Petitioner-Appellant,

versus


FLORIDA DEPARTMENT OF CORRECTIONS,
Harry K. Singletary, Jr., Secretary,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____
**(October 29, 1998)**


Before ANDERSON, DUBINA and HULL, Circuit Judges.
PER CURIAM:

Jessie Wilcox, a state prisoner, appeals the dismissal of his § 2254 petition for a writ of habeas corpus as time-barred under the AEDPA's one-year provision in 28 U.S.C. § 2244(d). After review, we reverse and remand for further proceedings.

On June 24, 1996, Wilcox filed his petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. The Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), effective on April 24, 1996, governs Wilcox's petition. 28 U.S.C. § 2241 et seq.[1]

The AEDPA added a new subsection (d) to 28 U.S.C. § 2244, providing that a one-year time bar applies to a state prisoner's § 2254 petition.[2] It also amended

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended at 28 U.S.C. § 2241 et seq.).

[2] Section 2244(d), applicable to state prisoners' § 2254 petitions, provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
 (2) The time during which a properly filed application for State post-conviction

2

§ 2255 to apply a similar one-year limitation to federal prisoners' § 2255 petitions. 28 U.S.C. § 2255.[3] Neither § 2244(d) nor § 2255 directly addresses how the one-year deadline applies to prisoners convicted long before the AEDPA–whether the one-year limitation applies from the effective date of the AEDPA, or whether it applies retroactively from the date of conviction, which in some cases would mean the AEDPA's one-year deadline expired long before the AEDPA's effective date.

Adopting in full the reasoning and recommendation of the magistrate judge's report, the district court dismissed Wilcox's petition as time-barred under § 2244(d). Although Wilcox filed his petition two months after the AEDPA's

---

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

§ 2244(d).

[3] 28 U.S.C. § 2255 provides in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255.

effective date, the magistrate judge specifically concluded that Wilcox's petition was barred under § 2244(d)(1)(A) because it was not filed within one year of July 2, 1992, the date on which the mandate issued and the state court's judgment became final after Wilcox's direct appeal of his state conviction and sentencing.

On appeal, Wilcox asserts that the magistrate judge erred by retroactively applying the AEDPA's one-year provision in § 2244(d) and requiring Wilcox to file his petition within one year after the date his pre-AEDPA conviction became final, even though the AEDPA was not enacted until over five years after that conviction became final. Wilcox asserts that he properly filed his petition within a reasonable time–here two months–after the effective date of the AEDPA's imposition of this new one-year requirement.

After review,[4] we agree that the district court erred in dismissing Wilcox's petition as untimely. When the district court entered its order, this Court had not yet addressed the retroactive application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like Wilcox, whose convictions became final long prior to the effective date of the AEDPA. However, while Wilcox's appeal was pending, this Court addressed this issue in Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998). In Goodman, this Court determined that federal prisoners

---

[4] We review de novo the magistrate judge's conclusions of law as adopted by the district court. Cumbie v. Singletary, 991 F.2d 715, 719 (11th Cir. 1993).

whose convictions became final before the AEDPA's effective date of April 24, 1996, "must be given a reasonable time after the enactment of § 105's one-year 'period of limitation' to file their § 2255 motions, and, under these circumstances, a reasonable period is until April 23, 1997–one year from the date of enactment of § 105 of the AEDPA." Id. at 1337. Goodman also cited with approval the Ninth Circuit's holding that the one-year period of limitation included in the AEDPA amendment to 28 U.S.C. § 2244 "d[oes] not begin to run against any state prisoner prior to the statute's date of enactment." Goodman, 151 F.3d at 1337 (citing Calderon v. United States District Court for the Central District of California, 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 118 S. Ct. 1389 (1998)). This Court declared that to hold otherwise and bar this prisoner group from filing habeas corpus petitions "would be unfair and impermissibly retroactive." Id.

Although involving a § 2255 petition, Goodman noted the similarity of the statute of limitations provisions that apply to petitions filed under §§ 2254 and 2255. See id. at 1336 n.2.[5] We find the holding of Goodman should extend to § 2254 petitions and that Wilcox's petition was timely filed for purposes of the

---

[5] Indeed, this Court cited cases decided under § 2244(d), the statute of limitations provision that applies to petitions filed under § 2254, as support for its holding that prisoners must be given one year from the effective date of the AEDPA in which to file their petitions for habeas corpus. Id. at 1337 (citing Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997); Calderon v. United States District Court for the Central District of California, 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 118 S. Ct. 1389 (1998)).

AEDPA because it was filed within a reasonable time–within one year from the AEDPA's effective date.[6]

Wilson also asserts that he has exhausted the state remedies available to him and that he should succeed on the merits of his involuntary confession claim. Because the other issues raised by Wilcox in this appeal were not relied on by either the magistrate judge or the district court as a basis for dismissal, we decline to reach those issues for the first time on appeal and remand for the district court to consider them first.[7]

In conclusion, we reverse the district court's order dismissing Wilcox's petition as time-barred under the AEDPA and remand this case to the district court for further proceedings.

**REVERSED and REMANDED.**

---

[6] In addition, like the Goodman Court, we note that "[n]othing we decide today limits or affects the power of district courts under Rule 9(a) to dismiss petitions for collateral relief on account of unreasonable and prejudicial delay." Goodman, 151 F.3d at 1338 n.4.

[7] Some issues presented are: whether Wilcox's presentation of his involuntary confession claim as a basis for his ineffective assistance of counsel claim would or would not be sufficient to satisfy the exhaustion requirement in light of Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998), decided while this appeal was pending; whether Wilcox's petition is or is not barred under Florida rules of procedure, and if the petition is barred, whether an exception to the bar does or does not remain available; and whether Wilcox's petition may or may not be dismissed under 28 U.S.C. § 2254(b)(2), which allows a district court to deny a habeas corpus petition on the merits, even if the petitioner has not exhausted all available state remedies.