**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAMON JOE NELSON,

Defendant-Appellant.

No. 98-3144
(D.C. No. 97-3191-EEO)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, based on the following allegations of ineffective assistance of counsel: (1) refusal to permit defendant to testify; (2) failure to interview and subpoena witnesses identified by defendant; (3) refusal to cross-examine co-defendants as requested by defendant; (4) failure to challenge an inculpatory statement attributed to defendant which he informed counsel he had never made; and (5) cumulative error. Defendant also seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c). The district court denied COA because, for the reasons stated in its order on the merits of the § 2255 motion, defendant had not "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). We likewise deny COA, noting a deficiency in defendant's case even more basic than that evident from the extended legal analysis contained in the district court's order on the merits.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2255 imposes a one-year limitations period in which to challenge a final federal conviction. This court has held that "prisoners whose convictions became final on or before April 24, 1996 [AEDPA's pertinent effective date] must file their § 2255 motions *before April 24, 1997*." United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997) (emphasis added); accord Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998); Brown v.

Angelone , 150 F.3d 370, 375 (4th Cir. 1998) (noting "vast majority of courts addressing this question" are in accord with      Simmonds ).

This court affirmed defendant's conviction in August of 1991.  However, according to his own certificate of service, defendant did not file his       § 2255 motion, by delivering a copy to prison officials for forwarding to the district court,  see Fed. R. App. P. 4(c); 25(a)(2)(C);      Houston v. Lack  , 487 U.S. 266, 270 (1988), until April 24, 1997.  The motion was therefore untimely.  And, as all of counsel's challenged conduct concerned matters of which defendant had long been aware -- indeed, matters he allegedly urged upon counsel at the time of trial -- there is no basis for deviating from "the apparently firm deadline of April 24, 1997 . . . for motions . . . under      § 2255."  Hoggro v. Boone  , 150 F.3d 1223, 1226 (10th Cir. 1998) (contrasting equitable tolling considerations applicable in  § 2254 context, where "[t]he situation is entirely different").

We DENY defendant's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


John C. Porfilio
Circuit Judge

-3-