[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2002
THOMAS K. KAHN
CLERK

_____

No. 99-14518

_____

D. C. Docket No. 998-6860 CV-NCR

ANTHONY ARON,

                                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 13, 2002)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

BARKETT, Circuit Judge:

Anthony Aron, a federal prisoner, appeals the dismissal as untimely of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Aron argues that his motion was timely under 28 U.S.C. § 2255(4) because he exercised due diligence in discovering the facts supporting his claim, and his motion was filed within one year of the date on which he discovered those facts. Alternatively, he argues that the district court erred in refusing to hold an evidentiary hearing on his claim to have exercised due diligence. We reverse and remand.

**BACKGROUND**

Aron was convicted of conspiracy to possess cocaine with the intent to distribute and of possession of cocaine with the intent to distribute in violation of 18 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 151 months' incarceration, with a five-year term of supervised release. Aron filed a direct appeal from his conviction, arguing that the trial court should have granted a mistrial based upon prosecutorial misconduct, that it gave improper jury instructions, and that it erred by declining to give a requested jury instruction. We affirmed his conviction on September 23, 1994. United States v. Aron, 37 F.3d 636 (11th Cir. 1994) (Table).

On July 4, 1998, Aron filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. His motion raised three claims of ineffective

2

assistance of appellate counsel, based on his attorney's failure to appeal the term of his sentence and the sufficiency of the evidence at trial, and on an alleged conflict of interest created by the attorney's representation of both Aron and his co-defendant on appeal. A final claim challenged the legality of his conviction and sentence on the ground that 21 U.S.C. §§ 841 and 846 were not published in the Federal Register as mandated by Congress.

The government responded to the motion by arguing that it was untimely under the one-year period of limitation imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Aron answered that, in spite of numerous letters and telephone calls to his appellate attorney, he did not receive a copy of the brief that had been filed in his direct appeal until September 4, 1997, which was when he learned of his attorney's failure to appeal his sentence. Since his § 2255 motion was filed within one year of that date, he argued that it was timely under § 2255(4), which allows petitioners to file within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The magistrate recommended denying Aron's motion as untimely, finding that he had offered no proof of any due diligence on his part after discovering that his conviction was affirmed. Aron then filed sworn objections to the magistrate's

report and recommendation, listing his efforts to obtain information about his appeal. The government did not present evidence contradicting Aron's assertions. The district court entered an order adopting the magistrate's report and recommendation, and we granted a certificate of appealability on the question whether the district court erred in its determination that Aron's motion was barred by the one-year period of limitation.

## DISCUSSION

The AEDPA amended 28 U.S.C. § 2255 to impose a one-year "period of limitation" for filing a motion to vacate, set aside or correct a sentence. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2255. Aron argues that his motion was timely under § 2255(4) because it was filed within a year of the date he received a copy of the brief that was filed in his direct appeal, and he exercised due diligence in discovering the failure of his attorney to appeal his sentence by that date.

To our knowledge, only one court has previously discussed the standard of review of a district court's decision concerning due diligence in the context of § 2255. See Montenegro v. United States, 248 F.3d 585 (7th Cir. 2001), partially overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001). Drawing an analogy to Rule 52(a) of the Federal Rules of Civil Procedure, which "assigns to the trial judge the responsibility of determining not only the historical events that are relevant to how the case should be decided but also the legal significance of those events," id. at 591 (quoting Mucha v. King, 792 F.2d 602, 605 (7th Cir. 1986)), the Seventh Circuit reasoned that "due diligence" is a legal characterization—like negligence, possession, ratification, and principal place of business—and should be reviewed for clear error. Id. We agree. In the context of a motion pursuant to § 2255(4), we will therefore review for clear error a district court's finding with regard to whether the petitioner exercised due diligence.

The government emphasizes that the one-year limitation period of § 2255(4) begins to run when the facts could have been discovered through the exercise of

5

due diligence, not when they were <u>actually</u> discovered. This is indeed the language of the statute; the beginning of the one-year period is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts. Of course, if a court finds that a petitioner exercised due diligence, then the one-year limitation period would begin to run on the date the petitioner actually discovered the relevant facts, because the dates of actual and possible discovery would be identical. But if the court finds that the petitioner did <u>not</u> exercise due diligence, the statute does not preclude the possibility that the petitioner's motion could still be timely under § 2255(4). For example, if the court concludes that, with the exercise of due diligence, the relevant facts could have been discovered two months earlier than the petitioner (who it finds did not exercise due diligence) actually discovered them, then the motion would still be timely if filed within ten months of the date of actual discovery. Nonetheless, the court should begin the timeliness inquiry under § 2255(4) by determining whether the petitioner exercised due diligence because, as previously noted, if he did so, the limitation period would not begin to run before the date he actually discovered the facts supporting the claim.[1]

---

[1]It is only if Aron did not exercise due diligence that we are required to speculate about the date on which the facts could have been discovered with the exercise of due diligence. Moreover, since Aron filed his petition within a year of the date of actual discovery, we need not decide the question of how to apply § 2255(4) when a petitioner's actual discovery of the

6

As the government concedes, § 2255(4) does not require the maximum feasible diligence, but only "due," or reasonable, diligence.  See Wims v. United States, 225 F.3d 186, 190 n.4 (2d Cir. 2000).  Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts.  Moreover, the due diligence inquiry is an individualized one that "must take into account the conditions of confinement and the reality of the prison system."  Montenegro, 248 F.3d at 592; Wims, 255 F.3d at 190-91 (citing Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000)).  Aron contends that the deficiencies in his appellate counsel's performance did not become known to him until September 4, 1997, when he received a copy of the brief that had been filed in his appeal.  Although he acknowledges that he received a copy of the opinion affirming his conviction in 1994, the opinion did not indicate which grounds had been raised on appeal, and so Aron was not aware that his attorney had failed to appeal his sentence, as Aron claims he had instructed him to do.

In assessing whether Aron's petition was timely, the magistrate (and the district court, by adopting the magistrate's report) assumed that Aron was required

relevant facts precedes the date on which they would have been discovered through the exercise of due diligence.

7

to show due diligence from the time his conviction became final in 1994.[2] We

think this assumption was incorrect, because the law imposed no diligence

requirement on habeas petitioners until AEDPA was enacted on April 24, 1996.

Therefore Aron's allegations, if true, mean only that he did more than the law

requires.

Before AEDPA was enacted, there was no limitation period for filing a

petition pursuant to § 2255. If prisoners wished to spend more time preparing their

petitions—albeit at the potential cost of suffering a longer period of unlawful

confinement—the law afforded them that opportunity. In reliance upon that law,

many prisoners had not filed within one year, as the subsequently enacted

legislation required. Therefore, in Goodman v. United States, 151 F.3d 1335 (11th

Cir. 1998), we held that the one-year limitation period should start to run from the

date of AEDPA's enactment, if the conviction being challenged became final

before the enactment date.[3] We did not apply the new limitation period to cases in

---

[2]The magistrate wrote: "Aron offers no proof of any due diligence on his part after discovering that his conviction was affirmed on September 1993 [sic], prior to the filing of this motion to vacate on July 24, 1998." Magistrate's Report and Recommendation at 6 (emphasis added). Similarly, in its brief to this Court the government also contends that Aron's allegations show that following his conviction in 1994, he allowed seventeen months to elapse with no activity. While we do not believe his allegations show this, even if they did, it would not be determinative in this case for the reasons we discuss above.

[3]We subsequently applied the same rule to the comparable provision for state prisoners, § 2244(d). Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209 (11th Cir. 1998).

which the period for filing had expired before the new requirement was enacted "because '[i]t would be unfair and impermissibly retroactive' to cut off review for noncompliance with a rule that had not existed when the noncompliance occurred." Smith v. Jones, 256 F.3d 1135, 1143 (11th Cir. 2001) (quoting Wilcox, 158 F.3d at 1211, and Goodman, 151 F.3d at 1337). Other circuits reached the same conclusion. See Duncan v. Walker, 531 U.S. 991, 121 S.Ct. 2120, 2130 (2001) (Stevens, J., concurring) ("In the context of AEDPA's 1-year limitations period, which by its terms runs from 'the date on which the judgment became final,' see § 2244(d)(1)(A), the Courts of Appeals have uniformly created a 1-year grace period, running from the date of AEDPA's enactment, for prisoners whose state convictions became final prior to AEDPA.").

Our holding in Goodman applied to § 105 of AEDPA, which amended § 2255 to include all four dates listed in § 2255(1)–(4). There is no reason to treat § 2255(4) any differently from § 2255(1). Before the enactment of AEDPA on April 24, 1996, Aron was not required to exercise due diligence in discovering new facts in order for a petition based on those facts to be timely filed. Consequently, "[i]t would be unfair and impermissibly retroactive," Goodman, 151 F.3d at 1337, to require Aron to have exercised due diligence before there was any legal requirement that he do so. We therefore hold that a petitioner's failure to exercise

due diligence before AEDPA was enacted cannot support a finding that a petition fails to satisfy the timeliness requirement of § 2255(4).[4]  Of course, in evaluating whether a petitioner exercised due diligence <u>after</u> April 24, 1996, a court should consider any previous actions the petitioner took to assess what it would have been reasonable for him to do after that date.  In this case, for example, Aron's earlier efforts may have given him reason to believe that writing to his attorney directly would be futile, and he therefore approached the court instead.  The point is that Aron cannot be penalized for any lack of diligence before AEDPA's enactment, because at that time there was no requirement that he act diligently.

---

[4]We respectfully disagree with the suggestion in the concurring opinion that this holding is actually dicta.  We find the district court's decision in this case erroneous for two reasons: first, the court improperly assumed that Aron was required to show diligence from the time his conviction became final; and second, as we discuss below, Aron's allegations are such that section 2255 requires an evidentiary hearing.  The fact that either error would be sufficient to warrant reversal does not mean that future panels are free to treat one of these two findings as dicta, nor does it mean that the district court on remand may disregard one in favor of the other.  <u>See</u> <u>Richmond Screw Anchor Co. v. United States</u>, 275 U.S. 331, 340 (1929) ("It does not make a reason given for a conclusion in a case obiter dictum, because it is only one of two reasons for the same conclusion."); <u>Johnson v. DeSoto County Bd. Comm'rs.</u>, 72 F.3d 1556, 1562 (11th Cir. 1996) ("we are bound by alternative holdings"); <u>McClellan v. Mississippi Power & Light Co.</u>, 545 F.2d 919, 925 n.21 (5th Cir. 1977) ("It has long been settled that all alternative rationales for a given result have precedential value.").

The fact that Aron claims to have exercised due diligence from the time his conviction became final does not make this portion of the opinion dicta.  The government denies Aron's allegations of diligence (especially regarding the first seventeen months after his conviction became final), and a pro se petitioner who alleges, in effect, that he did more than the law requires is not for that reason required to prove that he did so in order to prevail.  Satisfying the requirements of the law will still suffice.  Particularly in light of the government's denials and of the basis for the district court's ruling, we see fit to clarify that the law does not require Aron to prove that he exercised due diligence from the time his conviction became final in 1994 before we remand for an evidentiary hearing on Aron's diligence.

10

Aron claims in his sworn objections to the magistrate's report that he made "numerous and persistent efforts" to obtain his appellate documents from his attorney—in particular, that he "wrote many letters and placed numerous phone calls" to his attorney's office, "to no avail." Aron eventually received from his attorney a copy of the opinion affirming his appeal, but the opinion did not state which issues had been raised or ruled upon, and his attorney included no additional materials. Aron attached as an exhibit to his objections a copy of a letter he sent to his attorney on November 18, 1994 requesting a copy of the documents pertaining to his appeal, and he states that he received no response to that letter or to subsequent letters and phone calls.

On April 30th, 1996, only six days after AEDPA was enacted, Aron filed a motion with this Court to specify the grounds on which his appeal was affirmed pursuant to 11th Cir. R. 36-1. This motion was also attached as an exhibit to his objections, and in our view, it clearly reflects a diligent response to AEDPA's enactment. However, the clerk responded that the Court would not accept pro se papers from him because he was represented by counsel, and suggested that he contact his attorney instead, adding that a copy of his letter was being sent to his attorney. Aron states that he again tried to contact his attorney, to no avail.

11

On May 6, 1996, Aron filed a motion pursuant to 18 U.S.C. § 3582 to take advantage of the "safety valve" amendment to the Guidelines and thereby obtain a sentence reduction. On April 6, 1997, he wrote to the clerk of the district court to inquire about the status of that motion. In his letter, also attached as an exhibit to his objections to the magistrate's report, he expressed his concern that the one-year limitation period to file a § 2255 motion would expire on April 25, 1997. Aron states that he also sent a copy of this letter to his appellate counsel. Aron claims that on September 4, 1997 he finally received from his attorney a copy of the brief that had been filed in his direct appeal. His § 2255 petition was filed within one year of that date, on July 4, 1998.

At a minimum, then, the record reveals that Aron contacted the court twice after AEDPA was enacted, and the first time he did so the court informed him that it was sending a copy of his letter to his attorney. Moreover, Aron stated under oath that he sent a copy of the second letter to his attorney as well, and that he made further attempts to contact his attorney directly, but without success.

We find that, based on his allegations, Aron was entitled to an evidentiary hearing.[5] Section 2255 states:

---

[5]Although it appears we have not previously specified a standard of review for the denial of an evidentiary hearing in a petition pursuant to § 2255, in other contexts a district court's denial of an evidentiary hearing is reviewed for abuse of discretion. See, e.g., United States v. Gay, 251 F.3d 950, 951 (11th Cir. 2001) (evidentiary hearing sought at sentencing); Loyd v.

12

> Unless the motion and the files and records of the case <u>conclusively</u> show that the prisoner is entitled to no relief, the court <u>shall</u> cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (emphasis added). As we have previously stated, if the petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." <u>Holmes v. United States</u>, 876 F.2d 1545, 1552 (11th Cir. 1989) (quoting <u>Slicker v. Wainwright</u>, 809 F.2d 768, 770 (11th Cir. 1987)); <u>see also</u> <u>United States v. Yizar</u>, 956 F.2d 230, 234 (11th Cir. 1992) (district court must hold an evidentiary hearing where court cannot state conclusively that the facts alleged by petitioner, taken as true, would present no ground for relief). Moreover, the court should construe a habeas petition filed by a pro se litigant more liberally than one filed by an attorney. <u>See</u> <u>Gunn v. Newsome</u>, 881 F.2d 949, 961 (11th Cir. 1989). Although we have stated that a district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or

---

<u>Alabama Dept. of Corrections</u>, 176 F.3d 1336, 1339 (11th Cir. 1999) (evidentiary hearing sought in connection with a motion to terminate consent decree and permanent injunction pursuant to the Prison Litigation Reform Act). Other circuits have applied the abuse of discretion standard to denials of § 2255 evidentiary hearings, <u>see</u> <u>Frazer v. United States</u>, 18 F.3d 778, 781 (9th Cir. 1994) (applying abuse of discretion standard and also noting that an evidentiary hearing is required when the petitioner's allegations are based on facts outside the record); <u>United States v. Estrada</u>, 849 F.2d 1304, 1305 (10th Cir. 1988), and we believe that is the correct standard.

the claims are patently frivolous, see, e.g., Holmes 876 F.2d at 1553, no such circumstances are present here.  Aron has plainly alleged facts regarding his diligence that would entitle him to relief in the form of a timely petition.  His allegations are not affirmatively contradicted by the record.  Therefore, we find that the district court abused its discretion in failing to hold an evidentiary hearing.[6]

However, we note that if the district court should determine that Aron exercised due diligence, not all of Aron's claims will be timely.  Aron stated in his objections to the magistrate's report that he instructed his attorney to appeal only the sentence, not the conviction.  Petitioner's Objections to the Magistrate's Report and Recommendation at 6.  Thus, he cannot now argue that he learned of his attorney's failure to challenge the conviction on certain grounds only when he received a copy of the brief filed in his appeal, since Aron instructed him not to appeal the conviction.  Accordingly, his claims challenging the sufficiency of the evidence supporting the conviction and the legality of the conviction are barred.

_____

[6]We thus note another difficulty with the magistrate's statement that "Aron offers no proof of any due diligence on his part after discovering that his conviction was affirmed on September 1993 [sic], prior to the filing of this motion to vacate on July 24, 1998."  Magistrate's Report and Recommendation at 6.  The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief.  If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing.  It is in such a hearing that the petitioner must offer proof.

14

Under the facts that Aron has alleged, only the claims challenging his sentence may be considered timely pursuant to § 2255(4).

## CONCLUSION

For the foregoing reasons, we reverse and remand to the district court for further proceedings consistent with this opinion.[7]

**REVERSED AND REMANDED.**

---

[7]The concurring opinion concludes by pointing out that on remand the district court could, consistently with this opinion, deny relief on the merits—presumably after holding an evidentiary hearing on the merits if it determines that one is required—without ruling on the statute of limitations bar. Although any concurring opinion is free to remind the district court of its options, we express no opinion on the appropriate course, or disposition of this case, on remand.

CARNES, Circuit Judge, concurring:

I join in the majority's conclusion that the district court's dismissal of Aron's 28 U.S.C. § 2255 motion as untimely is due to be reversed and the case remanded for an evidentiary hearing on whether Aron exercised due diligence in discovering the facts relating to his claims of ineffective assistance of appellate counsel. But I do not join the dicta in the opinion concerning what would happen if a petitioner exercised due diligence to ascertain the facts relating to his claims after, but not before, the enactment of the AEDPA. The majority says that if those were the facts, drawing upon Goodman v. United States, 151 F.3d 1335 (11th Cir. 1998), we should hold that the petitioner is excused from the lack of pre-AEDPA diligence for § 2255(4) purposes. But Goodman involved a different part of the statute of limitations provision and another issue. While Goodman's holding might be – or might not be – extended by this Court to the § 2255(4) "due diligence" issue in an appeal where the facts raise the issue, this is not such an appeal. Because the facts of this case as they are presently presented do not involve due diligence exercised after but not before the enactment of the AEDPA, this is not an appeal in which we can decide what would happen if those were the facts.

The majority casts its conjecture about what we should conclude in a case where the petitioner demonstrated due diligence post- but not pre-AEDPA as a holding, but it is not a holding. It is only dicta. The holding of a case on appeal can extend no further than the facts presented in that case at the time of the appeal. All that is said which is not necessary to the decision of an appeal given the facts and circumstances of the case is dicta. See United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000)("'The holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision.'")(citation omitted); United States v. Eggersdorf, 126 F.3d 1318, 1322 n.4 (11th Cir. 1997)("[T]he pertinent language in Carter is dicta – not necessary to deciding the case then before us."); Hamilton v. Cannon, 80 F.3d 1525, 1530 (11th Cir. 1996) ("Those passages from Wideman are clearly dicta, because they were in no way essential to Wideman's holding ....").

The facts of this case, as established for purposes of this appeal by the sworn pleadings of Petitioner Aron in the district court, are that he demonstrated due diligence throughout the period before as well as after enactment of the AEDPA. In his own ungrammatical but articulate way, Aron made this about as clear as anyone could. His objections to the magistrate judge's report and recommendation contain Aron's statements under penalty of perjury that within months after Mr.

17

Casuso, his attorney, filed the direct appeal, and even before he was notified of the result, Aron "made numerous and persistent efforts to obtain from Mr. Casuso his appeal documents to no avail." Aron "wrote many letters and placed numerous phone calls to Mr. Casuso's office, to no avail. It was as though Mr. Casuso had vanished. It was impossible to reach him from the prison." After those persistent and unsuccessful efforts, Aron finally received from Casuso a copy of this Court's one-line affirmance of his conviction and sentence, but the document did not tell him what issues were raised, the one thing he needed to know. As Aron tried to explain to the district court:

> But affirmed what? For God's sake, what was affirmed???
> Which were the issues that Mr. Casuso presented? What?
> What? What?

Then, Aron wrote yet another letter, one dated November 18, 1994, asking that Casuso send him a copy of the documents relating to the appeal, but he received: "Nothing. No response." Aron did not give up. His sworn statements describe how: "[t]ime passed. Petitioner sent more letters and tried more phone calls. No response by Mr. Casuso was got."

After Aron heard that the AEDPA had imposed a deadline on filing, he sent a motion to this Court asking that he be told what issues Casuso had presented in his appeal. But, "[u]nfortunately, the Court of Appeals returned to petitioner his

18

humble motion," and basically told him to contact his attorney, Mr. Casuso. In Aron's words: "What a ironic!" Aron did not give up even then, but instead "continued insisting with Mr. Casuso, to no avail." Finally, after months and years of persistence, Aron got a copy of the direct appeal brief that had been submitted on his behalf, and within a year of receiving it filed his § 2255 motion raising ineffective assistance of counsel claims based upon the issues that had not been asserted in the brief.

The government asserts that Aron's efforts were not as continuous and persistent as he has described them, but those are only bare assertions. There is nothing in the record so far to contradict Aron's sworn statements. After the district court holds an evidentiary hearing it may turn out that those statements are not the true facts. Maybe or maybe not. See generally Murphy v. City of Flagler Beach, 846 F.2d 1306, 1310 (11th Cir. 1988)(factfinder free to reject even non-controverted evidence); Burston v. Caldwell, 506 F.2d 24, 26 (5th Cir. 1975)(court hearing petitioner's testimony is not required to accept it even if uncontradicted); Goodwin v. Smith, 439 F.2d 1180, 1182 (5th Cir. 1971)(same). Given the procedural posture of this case, however, we must assume for present purposes that the facts are as Aron has sworn them to be. It is those facts which circumscribe and limit our holding.

And those facts are that Aron made a continuous, persistent effort to find out what issues had been raised in his direct appeal, an effort that began shortly after the appeal was filed and did not end until it at last bore fruit when Aron finally received a copy of the appellate brief on September 4, 1997. He was diligent throughout. Because those are the facts before us in this appeal, we cannot enter any holdings about what might have been if the facts were different. We lack the power to decide in this case what would have been the result if Aron's diligence had not been exerted, as it was, on both sides of the AEDPA effective date line.

The majority's dicta about what would be the result if the facts were different cannot and does not establish the law of this circuit or even the law of the case. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 379, 114 S.Ct. 1673, 1676 (1994)("It is to the holdings of our cases, rather than their dicta that we must attend."); Browning v. AT&T Paradyne, 120 F.3d 222, 225 n.7 (11th Cir. 1997) ("Since this statement was not part of any holding in the case, it is dicta and we are not bound by it.")(citation omitted); Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller, 957 F.2d 1575, 1578 (11th Cir. 1992)(explaining that dicta is neither law of the case nor binding precedent); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1305 (11th Cir. 1998)(Carnes, J., concurring)("For

20

these reasons, among others, dicta in our opinions is not binding on anyone for any purpose."). If the district court finds the facts to be that Aron was diligent after but not before the enactment or effective date of the AEDPA, that court can then decide whether such non-continuous, non-persistent diligence is enough under § 2255(4). And we can review that decision if the losing party appeals. Then and only then will we be able to reach a holding on that issue.

One other point is worth mentioning. We have held that the statute of limitations contained in § 2255 is not jurisdictional. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)(describing § 2255's deadline as "a garden-variety statute of limitations, and not a jurisdictional bar"). As a result, a district court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds. Sometimes it will be easier for a court to deny relief on the merits than to figure out the issues relating to the statute of limitations. Nothing in the statute prohibits a court from proceeding in that way, nor do the instructions we are issuing in this case. I join this Court's instructions to the district court that it may not dismiss Aron's § 2255 motion on statute of limitations grounds – insofar as the motion raises ineffective assistance issues involving the appeal of Aron's sentence – without conducting an

evidentiary hearing to ascertain the true facts relating to Aron's efforts to ascertain the issues his attorney had raised in the direct appeal.