CARNES, Circuit Judge,
concurring:
I join in the majority’s conclusion that the district court’s dismissal of Aron’s 28 U.S.C. § 2255 motion as untimely is due to be reversed and the ease remanded for an evidentiary hearing on whether Aron exer *716 cised due diligence in discovering the facts relating to his claims of ineffective assistance of appellate counsel. But I do not join the dicta in the opinion concerning what would happen if a petitioner exercised due diligence to ascertain the facts relating to his claims after, but not before, the enactment of the AEDPA. The majority says that if those were the facts, drawing upon Goodman v. United States, 151 F.3d 1335 (11th Cir.1998), we should hold that the petitioner is excused from the lack of pre-AEDPA diligence for § 2255(4) purposes. But Goodman involved a different part of the statute of limitations provision and another issue. While Goodman’s holding might be — or might not be — extended by this Court to the § 2255(4) “due diligence” issue in an appeal where the facts raise the issue, this is not such an appeal. Because the facts of this case as they are presently presented do not involve due diligence exercised after but not before the enactment of the AEDPA, this is not an appeal in which we can decide what would happen if those were the facts.
The majority casts its conjecture about what we should conclude in a case where the petitioner demonstrated due diligence post but not pre-AEDPA as a holding, but it is not a holding. It is only dicta. The holding of a case on appeal can extend no further than the facts presented in that case at the time of the appeal. All that is said which is not necessary to the decision of an appeal given the facts and circumstances of the case is dicta. See United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir.2000)(“ ‘The holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision.’ ”) (citation omitted); United States v. Eggersdorf, 126 F.3d 1318, 1322 n. 4 (11th Cir.1997)(“[T]he pertinent language in [United States u] Carter /110 F.3d 759 (11th Cir.1997)] is dicta — not necessary to deciding the case then before us.”); Hamilton v. Cannon, 80 F.3d 1525, 1530 (11th Cir.1996) (“Those passages from Wideman [v. Shallowford Community Hosp., Inc., 826 F.2d 1030 (11th Cir.1987)] are clearly dicta, because they were in no way essential to Wideman’s holding....”).
The facts of this case, as established for purposes' of this appeal by the sworn pleadings of Petitioner Aron in the district court, are that he demonstrated due diligence throughout the period before as well as after enactment of the AEDPA. In his own ungrammatical but articulate way, Aron made this about as clear as anyone could. His objections to the magistrate judge’s report and recommendation contain Aron’s statements under penalty of perjury that within months after Mr. Ca-suso, his attorney, filed the direct appeal, and even before he was notified of the result, Aron “made numerous and persistent efforts to obtain from Mr. Casuso his appeal documents to no avail.” Aron “wrote many letters and placed numerous phone calls to Mr. Casuso’s office, to no avail. It was as though Mr. Casuso had vanished. It was impossible to reach him from the prison.” After those persistent and unsuccessful efforts, Aron finally received from Casuso a copy of this Court’s one-line affirmance of his conviction and sentence, but the document did not tell him what issues were raised, the one thing he needed to know. As Aron tried to explain to the district court:
But affirmed what? For God’s sake, what was affirmed??? Which were the issues that Mr. Casuso presented? What? What? What?
Then, Aron wrote yet another letter, one dated November 18, 1994, asking that Ca-suso send him a copy of the documents relating to the appeal, but he received: “Nothing. No response.” Aron did not give up. His sworn statements describe *717 how: “[t]ime passed. Petitioner sent more letters and tried more phone calls. No response by Mr. Casuso was got.”
After Aron heard that the AEDPA had imposed a deadline on filing, he sent a motion to this Court asking that he be told what issues Casuso had presented in his appeal. But, “[u]nfortunately, the Court of Appeals returned to petitioner his humble motion,” and basically told him to contact his attorney, Mr. Casuso. In Aron’s words: “What a ironic!” Aron did not give up even then, but instead “continued insisting with Mr. Casuso, to no avail.” Finally, after months and years of persistence, Aron got a copy of the direct appeal brief that had been submitted on his behalf, and within a year of receiving it filed his § 2255 motion raising ineffective assistance of counsel claims based upon the issues that had not been asserted in the brief.
The government asserts that Aron’s efforts were not as continuous and persistent as he has described them, but those are only bare assertions. There is nothing in the record so far to contradict Aron’s sworn statements. After the district court holds an evidentiary hearing it may turn out that those statements are not the true facts. Maybe or maybe not. See generally Murphy v. City of Flagler Beach, 846 F.2d 1306, 1310 (11th Cir.1988)(factfinder free to reject even non-controverted evidence); Burston v. Caldwell, 506 F.2d 24, 26 (5th Cir.1975)(court hearing petitioner’s testimony is not required to accept it even if uncontradicted); Goodwin v. Smith, 439 F.2d 1180, 1182 (5th Cir.1971)(same). Given the procedural posture of this case, however, we must assume for present purposes that the facts are as Aron has sworn them to be. It is those facts which circumscribe and limit our holding.
And those facts are that Aron made a continuous, persistent effort to find out what issues had been raised in his direct appeal, an effort that began shortly after the appeal was filed and did not end until it at last bore fruit when Aron finally received a copy of the appellate brief on September 4, 1997. He was diligent throughout. Because those are the facts before us in this appeal, we cannot enter any holdings about what might have been if the facts were different. We lack the power to decide in this case what would have been the result if Aron’s diligence had not been exerted, as it was, on both sides of the AEDPA effective date line.
The majority’s dicta about what would be the result if the facts were different cannot and does not establish the law of this circuit or even the law of the case. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 379, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994)(“It is to the holdings of our cases, rather than their dicta that we must attend.”); Browning v. AT&T Paradyne, 120 F.3d 222, 225 n. 7 (11th Cir.1997) (“Since this statement was not part of any holding in the case, it is dicta and we are not bound by it.”) (citation omitted); Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller, 957 F.2d 1575, 1578 (11th Cir.1992)(explaining that dicta is neither law of the case nor binding precedent); McDonald’s Corp. v. Robertson, 147 F.3d 1301, 1305 (11th Cir.1998)(Carnes, J., concurring)(“For these reasons, among others, dicta in our opinions is not binding on anyone for any purpose.”). If the district court finds the facts to be that Aron was diligent after but not before the enactment or effective date of the AEDPA, that court can then decide whether such non-eontinuous, non-persistent diligence is enough under § 2255(4). And we can review that decision if the losing party appeals. Then and only then will we be able to reach a holding on that issue.
One other point is worth mentioning. We have held that the statute of limita *718 tions contained in § 2255 is not jurisdictional. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)(describing § 2255’s deadline as “a garden-variety-statute of limitations, and not a jurisdictional bar”). As a result, a district court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds. Sometimes it will be easier for a court to deny relief on the merits than to figure out the issues relating to the statute of limitations. Nothing in the statute prohibits a court from proceeding in that way, nor do the instructions we are issuing in this case. I join this Court’s instructions to the district court that it may not dismiss Aron’s § 2255 motion on statute of limitations grounds — insofar as the motion raises ineffective assistance issues involving the appeal of Aron’s sentence — without conducting an evidentiary hearing to ascertain the true facts relating to Aron’s efforts to ascertain the issues his attorney had raised in the direct appeal.