United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60626
Conference Calendar

ADAM BUTLER, II,

Petitioner-Appellant,

versus

MICHAEL PETTIFORD,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:04-CV-71-RSu
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adam Butler, II, federal prisoner # 16645-001, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition.

Relying on Bailey v. United States, 516 U.S. 137 (1995), Butler

filed the petition to attack his conviction in the Northern

District of Alabama for use of a firearm in relation to a drug

crime.

Butler contends that his Bailey claim falls within the

savings clause in 28 U.S.C. § 2255. "[T]he savings clause of

§ 2255 applies to a claim (i) that is based on a retroactively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Because his conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act, Butler had until April 23, 1997, to file a 28 U.S.C. § 2255 motion. See Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998). Butler has not shown that his Bailey claim was foreclosed by circuit law at the time when he should have raised the claim in his first 28 U.S.C. § 2255 motion. Accordingly, the judgment of the district court is AFFIRMED.