

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2006

# Caviness v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1096

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Caviness v. Holt" (2006). *2006 Decisions*. Paper 728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-262                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1096
_____

SCOT CAVINESS

Appellant,

v.

RONNIE L. HOLT
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-2102)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 29, 2006

Before:  SLOVITER, McKEE and FISHER, CIRCUIT JUDGES.

(Filed :  July 19, 2006)

_____

OPINION

_____

PER CURIAM

Scot Caviness appeals from the District Court's orders denying his habeas petition

and his motion for reconsideration.  We will summarily affirm.

In March 1990, Caviness and two co-defendants were convicted by a jury in the Southern District of Florida for violating federal drug and firearms laws. Caviness was sentenced to 181 months' imprisonment, followed by five years of supervised release. The United States Court of Appeals for the Eleventh Circuit affirmed in 1992. In June 1994, Caviness escaped from the federal prison camp at Maxwell Air Force Base in Montgomery, Alabama. In 1999, he was arrested in Florida on escape charges and brought back into custody. In 2000, Caviness filed a motion for reduction of his original sentence pursuant to 18 U.S.C. § 3582(c). The motion was denied. The United States Court of Appeals for the Eleventh Circuit affirmed in 2003.

On September 22, 2004, Caviness filed a habeas petition in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241. In the petition, Caviness argued that he was actually innocent of the crimes for which he was convicted because the evidence at trial established that only one kilogram of cocaine was seized, not the five kilograms for which he was sentenced. He also argued that a 1992 amendment to U.S.S.G. § 1B1.3 mandated that his sentence be vacated or reduced. The District Court adopted the report and recommendation of the magistrate judge and denied the petition. Caviness filed a motion for reconsideration, which the District Court denied. Caviness has appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Lambert v. Blackwell, 134 F.3d 506, 512 (3d Cir. 1998).

The usual avenue for a federal prisoner to challenge the legality of his confinement

2

is to file a § 2255 motion in the sentencing court.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Such a challenge may not be raised in a § 2241 petition except in an "unusual situation" where the remedy under § 2255 would be "inadequate" or "ineffective."  See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 251.  A § 2255 motion is not inadequate or ineffective simply because AEDPA's gatekeeping restrictions prevent the filing of such a motion.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002).

Here, Caviness' conviction became final before the effective date of AEDPA.  He was thus required to file a § 2255 motion on or before April 23, 1997.  See Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).  Caviness failed to file a § 2255 motion before April 23, 1997, and indeed, was a fugitive on that date.  More than seven years after the expiration of the limitations period, Caviness filed this § 2241 petition.  We agree with the District Court that Caviness may not pursue his claims under § 2241.  A § 2255 motion is not inadequate or ineffective merely because the one-year statute of limitations has expired.  See Cradle, 290 F.3d at 539.  Further, Caviness' claim of actual innocence does not constitute an extraordinary circumstance because he had an earlier opportunity to raise this claim.  See Dorsainvil, 119 F.3d at 251.  Accordingly, the District Court properly denied the petition and subsequent  motion for reconsideration.

For the foregoing reasons, no substantial question is presented in this appeal.  We, therefore, will affirm the District Court's judgment pursuant to I.O.P. 10.6.

3